RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 9/13/05
BY DM

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| versus | CRIMINAL NO. 03-50059-01 |
| | JUDGE TOM STAGG |
| GILBERTO HINOJOSA | |

---

## MEMORANDUM RULING*

Before the court is Gilberto Hinojosa's ("Hinojosa") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 and an amended motion to vacate, set aside, or correct sentence under the same code provision. See Record Documents 37 and 39. Based on the following, Hinojosa's motions are **DENIED**.

### I. BACKGROUND

#### A. Factual Background.

The presentence report indicates that Hinojosa sold methamphetamine to a confidential informant.

---

* This opinion is not intended for commercial print or electronic publication.

## B. Procedural History.

Hinojosa was charged by a one count indictment with conspiracy to distribute fifty grams or more of methamphetamine and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. See Record Document 6. Hinojosa entered into a plea agreement with the government, and pursuant to that agreement pled guilty on October 14, 2003. See Record Documents 21-24.

On February 20, 2004, Hinojosa was sentenced to a term of 108 months of imprisonment. See Record Document 27. Hinojosa did not appeal his conviction or sentence. On March 3, 2005, Hinojosa filed a section 2255 motion, followed by an amended motion on June 2, 2005. See Record Documents 37 and 39.

## II. LAW AND ANALYSIS

The government argues that the majority of Hinojosa's section 2255 claims cannot be presently considered. "Challenging a conviction and sentence with a section 2255 motion is fundamentally different from a direct appeal." United States v. Samuels, 59 F.3d 526, 528 (5th Cir. 1995). The Fifth Circuit has held:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in

2

a collateral proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Hinojosa "may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991) (citation omitted). To establish "cause," he must show some external impediment prevented him from raising the claim on direct appeal. See United States v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test, Hinojosa must demonstrate substantial prejudice, such that the integrity of the entire proceeding is infected. See Shaid, 937 F.2d at 233. If Hinojosa is unable to establish both elements, he may still be entitled to relief under section 2255 if the error alleged is of a constitutional nature and ignoring it would result in a complete miscarriage of justice. Id. at 232.

In order to raise any non-constitutional errors in his section 2255 motion, Hinojosa must establish that "the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." Shaid, 937 F.2d at 232 (citation omitted). Hinojosa has not met this burden.

3

A.  **Ineffective Assistance Of Counsel.**

Ineffective assistance of counsel claims may generally be heard under a section 2255 motion. See United States v. Gaudet, 81 F.3d 585, 589 (5th Cir. 1996). However, to prevail on a claim of ineffective assistance of counsel, Hinojosa must prove (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The first prong of the Strickland analysis requires a showing by Hinojosa that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. In evaluating counsel's performance the court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. See id. at 689, 104 S. Ct. at 2065. Hinojosa may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id. at 690, 104 S. Ct. 2066.

Under the second prong of the <u>Strickland</u> test, Hinojosa must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." <u>Murray v. Maggio</u>, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Strickland</u>, 466 U.S. at 694, 104 S. Ct. at 2068. If Hinojosa fails to establish either prong of the <u>Strickland</u> test, then his claims of ineffective assistance of counsel must fail.

**1. Ineffective Assistance Of Counsel In The Pretrial Process.**

Hinojosa alleges that his trial counsel, Stephen Glassell ("Glassell"), was ineffective during the pretrial process, in that he failed to file a motion to suppress and a motion for dismissal of the indictment. However, Hinojosa is unable to meet the first prong of <u>Strickland</u> because he has set forth no evidence to show that Glassell's failure to do so was unreasonable. Hinojosa has not alleged any factual basis for a motion to suppress or a motion to dismiss the indictment. Defense counsel cannot be faulted for failing to raise a baseless objection. <u>See</u> <u>Sones v. Hargett</u>, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (holding that an attorney cannot be judged deficient for his failure to raise a "frivolous" issue); <u>Murray v. Maggio</u>, 736 F.2d 279, 283 (5th Cir. 1984) ("Counsel is not required to engage in the filing of futile motions").

Hinojosa is similarly unable to meet the second prong of Strickland because he has failed to prove prejudice by demonstrating a reasonable probability that but for his attorney's failure to file such motions, the result would have been different. See Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.

Hinojosa also alleges that Glassell was ineffective in that he failed to adequately investigate exculpatory evidence and testimony. However, in order to succeed on these claims Hinojosa must meet both prongs of the Strickland test, something he cannot do. Hinojosa cannot demonstrate that the failure to conduct any of the above investigations falls outside an objective standard of reasonableness, nor can he demonstrate that this alleged ineffective assistance prejudiced him. He has put forth nothing to show what this investigation would have produced or whether it would have even been beneficial; he has shown no prejudice. See Anderson v. Collins, 18 F.3d 1208, 1221 (5th Cir. 1994). Accordingly, his claim must fail.

### 2. Ineffective Assistance Of Counsel In The Plea Process.

Hinojosa claims that his counsel was ineffective in that he failed to inform the defendant of all of the facts and law relevant to his decision to plead guilty. See Record Document 39 at 4. However, Hinojosa is unable to satisfy either prong of the Strickland analysis on this issue as well. He has put forth no evidence to

demonstrate that counsel's actions were "outside the wide range of professionally competent assistance." Strickland, 466 U.S. 687, 104 S.Ct. at 2065. In fact, Hinojosa does not allege any specific facts that he did not receive from counsel. Instead, he merely relies on the general assertion that Glassell failed to advise him of "all the facts and law relevant to his decision to plead guilty." Record Document 39 at 4. Such conclusory allegations are not sufficient to support a finding of ineffective assistance.

Hinojosa is equally unable to demonstrate prejudice on this issue. Because this claim of ineffective assistance of counsel is in the context of a guilty plea, Hinojosa must comply with Hill v. Lockhart's amendment to the Strickland criteria and prove prejudice by demonstrating that there is a "reasonable probability that, but for counsel's errors, he would not have [pled] guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985). However, Hinojosa has failed to meet this standard. While he does state that had he been fully advised "there is a reasonable probability that he would have pleaded not guilty and proceeded to trial . . .", Hinojosa does not mention any specific information to which he believes he was entitled, or any other evidence to support this contention. Record Document 39 at 4. There is, however, significant evidence to indicated that Hinojosa, despite his contentions, was fully informed at the time of

7

his plea. Hinojosa signed the plea agreement which stated, in pertinent part, that it was "entered into freely, **knowingly**, and voluntarily with out threats, or coercion **after due consultation with counsel**." Record Document 32 (emphasis added). The affidavit of his attorney also contradicts his version of the facts. Glassell states that he and his client listened to the recorded telephone conversations that formed the primary basis of the government's case against Hinojosa, and that he subsequently informed Hinojosa that he was likely to be convicted at trial, and therefore recommended that he plead guilty and cooperate with the government. See Record Document 40, Glassell Affidavit at 2. At the time of his plea, Hinojosa was even asked by this court if he was satisfied with Glassell's performance as his attorney, to which he replied that he was. See Record Document 35 at 6-7.

The court acknowledges that an attorney who, in the course of advising his client on an outstanding plea offer, fails to advise that client of the available options and possible consequences will likely be considered ineffective. See Beckham v. Wainwright, 639 F.2d 262, 266 (5th Cir. 1981). However, there is no evidence that such circumstances existed in this case. Hinojosa has failed to overcome the presumption that his attorney's actions "are encompassed within the wide range of reasonable competence." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. He has failed to set forth any *evidence* to show that his attorney's performance was

8

"outside the wide range of professionally competent assistance" or resulted in any prejudice to him. Id. at 690, 104 S. Ct. at 2066. Because Hinojosa has failed to meet his burden of proof, his claim of ineffective assistance of counsel during the plea process must fail.

### 3. Ineffective Assistance Of Counsel In The Sentencing Process.

Hinojosa claims that his counsel was ineffective during the sentencing process because of his failure to object to the evidence used to determine his guideline sentencing range and failure to move for a downward departure. See Record Document 39. However, he is unable to satisfy Strickland as to either of these claims.

Hinojosa first complains that his counsel was ineffective because he failed to object to the evidence used to determine his sentence, and ultimately to the sentence he received. However, he has failed to prove that in doing so, Glassell acted outside the scope of professionally competent assistance. Hinojosa has put forth no evidence that there was a factual basis for such an objection in this case, and his attorney can hardly be faulted for failing to make a baseless objection. See Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995) (holding that an attorney cannot be judged

deficient for his failure to raise a "frivolous" issue); Murray v. Maggio, 736 F.2d 279, 283 (5th Cir. 1984).

Hinojosa also contends that Glassell was ineffective for failing to request a downward departure under section 5K2.0 of the United States Sentencing Guidelines, because of Hinojosa's "extraordinarily compelling family circumstances." See Record Document 39 at 5, 34. However, once again, Hinojosa is unable to satisfy the two prongs of the Strickland analysis. He has failed to show that Glassell's failure to move for a downward departure was outside the scope of reasonably competent assistance. Hinojosa has put forth no evidence to show that there was a basis for such a downward departure, instead he merely states that "extraordinary family circumstances militated for a downward departure in his sentence. These circumstances included that facts that he had a wife and small children who were almost entirely dependent on him for support. . . Moreover, subsequent to prison, Mr. Hinojosa is going to be deported." Record Document 39 at 49-50. Such family circumstances "are not ordinarily relevant in determining whether a departure may be warranted." United States Sentencing Guidelines § 5H1.6. For this reason, any motion for downward departure based on family circumstances would likely have been fruitless. It is well settled that an attorney

need not file frivolous motions at the request of his client in order to provide competent assistance. See Murray, 736 F.2d at 283. Hinojosa's claims are without merit.

### 4. Ineffective Assistance Of Counsel In The Appellate Process.

Hinojosa also claims that his counsel was ineffective for failing to appeal Hinojosa's sentence based on the violation of his Sixth Amendment rights, as well as by failing to investigate and present the strongest issues for appeal and failing to preserve viable issues for collateral review.

Hinojosa contends that he lost his right to appeal because his attorney neglected to file a notice of appeal. In Roe v. Flores-Ortega, 528 U.S. 470, 120 S. Ct. 1029 (2000), the United States Supreme Court addressed the appropriate framework for judging an ineffective assistance of counsel claim predicated on counsel's failure to file a notice of appeal. The Court rejected the per se rule that "counsel must file a notice of appeal unless the defendant specifically instructs otherwise," as this rule was "inconsistent with Strickland's holding that the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id. at 478, 120 S. Ct. at 1035. The Court elaborated, stating:

> If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal.

Id., 120 S. Ct. at 1035.

Hinojosa was fully informed of the availability of an appeal by virtue of the Rule 11 colloquy provided by this court. There is simply no evidence that Hinojosa's counsel performed in a professionally unreasonable manner, as nowhere does Hinojosa allege that he ever instructed his counsel to file an appeal. Thus, there is *no* evidence that defense counsel failed to follow his direct instructions to file a notice of appeal. See Ross v. Estelle, 694 F.2d 1008, 1011-1012 (5th Cir. 1983) (citations omitted) (explaining that absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative value and that mere conclusory allegations do not raise a constitutional issue in a habeas proceeding). Accordingly, Hinojosa's claim that his counsel was deficient in failing to file a notice of appeal on his behalf fails.[1]

---

[1] Hinojosa also claims that counsel was ineffective for failing to preserve viable issues for collateral review, but he alleges no specific issues that were overlooked. His mere allegation that counsel "failed to preserve viable issues for collateral review", without further support of any kind, is not sufficient to support a claim of ineffective assistance of counsel.

12

## 5. Conflict Of Interest.

Hinojosa alleges that he was denied his Sixth Amendment right to counsel as a result of his attorney's conflict of interest. However, he has set forth no evidence, or even any specific contentions, to support this allegation. Instead, Hinojosa merely stated that:

> Mr. Hinojosa's counsel labored under an actual conflict of interest which adversely affected his performance during the pretrial, plea, sentencing, and direct appeal process in this case. Counsel owed a "duty" other than to Mr. Hinojosa. This duty was in conflict with the duty owed to Mr. Hinojosa. Counsel chose between the duties. This choice adversely affected the performance of counsel during the pretrial, plea, sentencing, and direct appeal process.

Record Document 39, at 6. At no point in his motion did Hinojosa state the nature of this alleged conflict, or to whom Glassell may have owed this other duty. There is nothing in his motion to demonstrate that any conflict of interest existed or that counsel acted in any way other than the reasonably competent manner expected by Strickland.[2] Hinojosa's claim of conflict of interest is completely unsupported and accordingly must fail.

---

[2] Additionally, the court has observed, firsthand, the services of Stephen Glassell rendered in literally dozens of guilty pleas, trials and sentencings over a period of thirty years. He ranks among the best practitioners appearing before this court.

13

B.  **Errors In Sentencing.**

Hinojosa also argues that his base offense level should have been determined solely by the drug quantity to which he pled guilty and that by considering the quantity of drugs charged in the dismissed counts, this court violated his Sixth Amendment rights. See Record Document 78. Hinojosa argues that he should be re-sentenced as a result of the Apprendi[3] and Blakely [4] cases recently decided by the United States Supreme Court.

Since Hinojosa filed the instant motion, the Supreme Court rendered another important decision in United States v. Booker,--- U.S. ---, 125 S. Ct. 738, 750, 764 (2005). In Booker, the Court held that the United States Sentencing Guidelines, as implemented, violate the Sixth Amendment. See id. The Court went on to excise the portions of the statute which operated to make the Guidelines mandatory, thereby bringing the Guidelines back in line with the Sixth Amendment. See id. However, the Court also specifically held that its decision would only apply to those cases on direct review. Id. at 745. As Hinojosa's case is no longer on direct review, Booker is not applicable. In addition, the United States Court of Appeals for the

---

[3] Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000).

[4] Blakely v. Washington, --- U.S.---, 124 S. Ct. 2531 (2004).

14

Fifth Circuit has recently rendered an opinion interpreting the Booker decision and its effect on the sentencing process in the Fifth Circuit. In United States v. Mares, the Fifth Circuit Court of Appeals held that despite the Booker decision, judicial fact-finding is permissible. See United States v. Mares, 402 F.3d 511 (5th Cir. 2005). The court explained that, "[t]he Guideline range should be determined in the same manner as before Booker/Fanfan." Id. at *7. The Court went on to hold that, "Booker contemplates that, with the mandatory use of the Guidelines excised, the Sixth Amendment will not impede a sentencing judge from finding all facts relevant to sentencing." Id. (citing Booker, 125 S. Ct. at 750, 764). It is clear that in spite of Booker, this court was free to consider aggravating factors without violating Hinojosa's Sixth Amendment rights, Hinojosa's argument is without merit and thus must fail.

### III. CONCLUSION

Hinojosa's claims of errors at his sentencing and ineffective assistance of counsel are all without merit.[5] Therefore, his motion to vacate, set aside, or correct

---

[5]Hinojosa raises other miscellaneous claims regarding counsel's alleged ineffective assistance, however, because they are as equally without merit as those already disposed of, the court did not examine them individually.

sentence under 28 U.S.C. § 2255 (Record Documents 37 and 39) is **DENIED**.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 13th day of September, 2005.

JUDGE TOM STAGG